IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ATLAS WATSON,

                Plaintiff,                OPINION AND ORDER

   v.

                                                    24-cv-618-wmc

STAFF JOHN DOE 1 THRU 12, JANE DOE 1 THRU 12,
DR. LEDESMA, ERIN M. WEHRLE,
and SHANTA A. ANDERSON,

                Defendants.

Plaintiff Atlas Watson is representing himself while incarcerated at Wisconsin Secure Program Facility ("WSPF") and alleges Eighth Amendment deliberate indifference claims against many WSPF staffers for inadequately treating the lingering effects of anesthesia, leading to him falling and suffering injuries. Because Watson is incarcerated and has not prepaid the filing fee, the court must screen the complaint and dismiss any portion that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from an immune defendant. 28 U.S.C. §§ 1915(e)(2), 1915A. The court accepts Watson's allegations as true and construes them generously, holding the complaint to a less stringent standard than one a lawyer drafts. *Arnett v. Webster*, 537 F.3d 742, 751 (7th Cir. 2011). The court will dismiss the complaint for failure to state a claim upon which relief may be granted but will allow Watson to amend his complaint to fix this problem.

ALLEGATIONS OF FACT

In a two-page complaint, Watson lists the following WSPF employees as defendants: (1) John Doe 1 through 12; (2) Jane Doe 1 through 12; and (3) Dr. Ledesma, Erin Wehrle, and Shanta Anderson. Watson alleges that, on May 13, 2022, he returned from offsite surgery and told the defendants that he was feeling dizzy with double vision, but defendants did nothing to help him. He then fell and hit his head on the wall because of the lingering effects of anesthesia, causing double vision, nausea, and headaches. The defendants apparently did nothing to resolve these symptoms. He alleges that he submitted a Health Service Request to all defendants about a week after his fall, but defendants failed to follow up with him, leaving him with excruciating shoulder pain, blurred vision, and migraine headaches. Ultimately, Watson had to return to the hospital for concussion treatment.

OPINION

Plaintiff appears to bring this lawsuit under 42 U.S.C. § 1983, and the court understands him to allege that defendants violated his Eighth Amendment rights. The Eighth Amendment prohibits prison officials from acting with "deliberate indifference" to prisoners' serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976). "To state a claim for deliberate indifference for deficient medical care, the plaintiff must allege an objectively serious medical condition and an official's deliberate indifference to that condition." *Cesal v. Moats*, 851 F.3d 714, 721 (7th Cir. 2017) (quotation marks omitted). At this point, plaintiff has adequately alleged an objectively serious medical condition because he alleges that he fell and hit his head after not being properly treated for lingering

effects of anesthesia, and that he suffered injuries from his fall that required him to go to the hospital.

Right now, however, plaintiff may not proceed because his current allegations do not satisfy Federal Rule of Civil Procedure 8, which requires a plaintiff to allege a "short and plain statement of the claim showing that [he] is entitled to relief."  Plaintiff simply alleges that the 27 defendants he has identified in the caption acted as a group to violate his rights, which is not enough to connect specific defendants to unconstitutional acts and give them notice of the grounds supporting plaintiff's claims against them.  *See Rascon v. Hardiman*, 803 F.2d 269, 273 (7th Cir. 1986) ("An individual cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation."); *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007) (a short and plain statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" (quotation marks omitted)).

The court will not dismiss this case outright.  The court of appeals has cautioned district courts that "when a plaintiff -- especially a *pro se* plaintiff -- fails to state a claim in his first complaint, he should ordinarily be given a chance to amend."  *Felton v. City of Chi.*, 827 F.3d 632, 636 (7th Cir. 2016).  Accordingly, the court will dismiss plaintiff's complaint without prejudice and allow him until August 11, 2025, to file an amended complaint.

If plaintiff chooses to file an amended complaint, **he should use the court's complaint form**, which will be sent along with this order, and clearly and concisely explain what each defendant did to violate his rights.  He does not need to attach any documents

3

to his complaint to support his claims; his own allegations are enough at this stage, so long as he includes sufficient factual detail regarding the "who, what, when, where, and why" of his claims. In other words, plaintiff should keep his complaint short and to the point, as if he were telling a story to people who know nothing about his situation. He only needs to allege: (1) what acts he believes violated his rights; (2) what rights were violated; (3) and **the specific person who committed those acts.** *Moreover, plaintiff must try to identify the defendants by name, or at least provide some identifying information (like position title or gender) about the individuals he alleges were deliberately indifferent to his medical needs.* **If plaintiff does not respond by the deadline indicated below, the court will dismiss this lawsuit with prejudice.**

## ORDER

IT IS ORDERED that:

1) Plaintiff Atlas Watson's complaint (dkt. #1) is DISMISSED without prejudice. He may have until August 11, 2025, to file an amended complaint that corrects the problems described in this order. If plaintiff fails to respond by the deadline, the court will dismiss this case with prejudice.

2) Plaintiff must file his amended complaint on the court's complaint form, which will be sent to him along with a copy of this order. Plaintiff must fill out the form completely. If necessary, plaintiff may attach up to five additional pages to the complaint.

3) It is plaintiff's obligation to inform the court of any new address. If he fails to do so, his claims may be dismissed with prejudice for failure to prosecute. The clerk of court is directed to send plaintiff copies of this order and the court's prisoner complaint form.

Entered this 11th day of July, 2025.

BY THE COURT:
/s/

_____
WILLIAM M. CONLEY
District Judge